UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTAL MAXWELL, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-09-3989 |
| | § | |
| G.R.A.C.E. COMMUNITY SERVICES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Class Certification and Expedited Discovery. (Doc. 17.) In that motion, Plaintiffs seek an order conditionally certifying a class under the Fair Labor Standards Act ("FLSA"), and providing notice to potential members of the class of the existence of this suit and their right to opt-in. In addition, Plaintiffs seek an order requiring Defendants to provide, on an expedited basis, full names, last known addresses, telephone numbers, and social security numbers of all case managers and/or executive assistants who were employed by Defendants at any time from December 15, 2006 through the present. Defendants maintain they have an affirmative defense because these employees are exempt and any "similarly situated" employees would also be exempt from the overtime pay requirement. (Doc. 9 at 7.) Upon consideration of the motion, Plaintiffs' evidence, submissions and brief in support of their motion, Defendants' response, the allegations in Plaintiffs' complaint regarding Defendants' violations of the FLSA, and the applicable law, and for the reasons explained below, the Court finds that the motion should be granted.

Section 216(b) of the Fair Labor Standards Act ("FLSA") permits an employee to bring an action "for and [on] behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to such an action unless he gives

his consent in writing to become a party and such consent is filed in the court in which such action is brought." *Id.* Thus, unlike a Fed. R. Civ. P. 23 class action, a representative action § 216(b) "follows an 'opt-in' rather than an 'opt-out' procedure." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995); *see also LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 206 (5th Cir. 1975).

In *Hoffman-La Roche, Inc. v. Sperling*, the U.S. Supreme Court held that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." 493 U.S. 165, 169 (1989). Although the Fifth Circuit has not directly addressed the meaning of "similarly situated" in this context, it has considered the two-stage class certification approach set forth in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359 (D.N.J. 1987). *See Mooney*, 54 F.3d at 1213. The two-stage process consists of a "notice" stage followed later by a "decertification" stage. *Mooney*, 54 F.3d at 1213-14. During the "notice" stage, the Court determines whether notice of the action should be given to potential class members. *Id.* Since the evidence available is limited, the standard applied is a lenient one, usually resulting in "conditional certification" of a representative class, to whom notice is sent and who receive an opportunity to "opt-in." *Id.* at 1214. Generally, after the close of discovery, the defendant initiates the second stage by filing a motion for "decertification." *Id.* At this stage, the Court makes a factual determination utilizing the information accrued from discovery on whether the plaintiffs are "similarly situated." *Id.* If the Court finds that the plaintiffs are "similarly situated," then the case proceeds as a representative action. *Id.* If the Court finds that the plaintiffs are not "similarly situated," then the class is decertified, the "opt-in" plaintiffs are dismissed without prejudice, and the original plaintiffs proceed to trial on their individual claims. *Id.*

Utilizing this two-stage process, conditional class certification is warranted in this case for all current and former nonexempt employees of Defendants who held the title of operator helper and/or operator supervisor or who were performing the job functions of an operator helper and/or operator supervisor and who worked for Defendants during the class period. Plaintiffs have sufficiently alleged and provided evidence of similarly situated employees who were not paid overtime wages as required under the FLSA overtime requirements. In addition, Plaintiffs are entitled to discover the identities and identifying information for members of this conditional class.

Accordingly, the Court hereby **ORDERS** that Plaintiffs' Motion for Notice to Potential Plaintiffs (Doc. 17) is **GRANTED** and a class be conditionally certified composed of all employees with the title of case manager and/or executive assistant employed by Defendants at any time from December 15, 2006 to the present.

The Court further **ORDERS** that Defendants shall, within fourteen (14) days after the entry of this order, provide Plaintiffs with the full names, last known addresses, telephone numbers, and locations and dates of employment for all persons employed by Defendants as case manager and/or executive assistant at any time from December 15, 2006 to the present. In the event certain addresses and/or telephone numbers are no longer valid, Plaintiff may request, and Defendant shall reasonably provide to Plaintiffs' counsel for the sole purpose of "skip tracing for a current address," social security numbers of individual class members. Plaintiffs may then mail, at Plaintiffs' attorneys' cost, the Notice attached as Exhibit T to Document No. 17 to all persons identified by Defendants as Potential Class Members. Potential Plaintiffs will be permitted to file their consents to this action up to forty-five (45) days after the Notice is mailed.

Finally, the Court **ORDERS** that the Scheduling Order on the above referenced cause is

hereby **VACATED**.  (Doc. 14.)  A new trial schedule will issue, if necessary, after the Court rules on the motion for summary judgment currently pending before it.  (Doc. 19.)

    SIGNED at Houston, Texas, this 16th day of March, 2011.

                                                      MELINDA HARMON
                                          UNITED STATES DISTRICT JUDGE