UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTAL MAXWELL, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-09-3989 |
| | § | |
| G.R.A.C.E. COMMUNITY SERVICES, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendants G.R.A.C.E. Community Services, Inc. ("GRACE") and Ruama Camp's Motion for Summary Judgment. (Doc. 19.) Upon review and consideration of this motion, the response, reply, and surreply thereto, the relevant legal authority, and for the reasons explained below, the Court finds that Defendants' motion should be denied.

I.  Background and Relevant Facts

This is an action for unpaid wages and overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Doc. 1.)  GRACE is a nonprofit business located in Houston, Texas, that provides information, resources, and training to individuals throughout the Gulf Coast on disaster preparedness, response, and recovery. (Doc. 19 at 2.)  GRACE had a second office in Louisiana that closed in June 2009. (Camp Affidavit, Doc. 19-1 at 8.)  Defendants also operate a "disaster kit" store selling emergency relief items such as generators, radios, first-aid kits, tents, and coolers on the Internet. (Doc. 17-5.)

Plaintiffs Christal Maxwell ("Maxwell"), Christina Bottley ("Bottley"), and Lydia Williams ("Williams") were employed by GRACE as case managers. (Camp Affidavit, Doc. 19-1 at 3.) Maxwell and Williams worked at GRACE for approximately two and one-half months

1 / 7

from July 2009 through September 2009. (Maxwell Affidavit, Doc. 17-1 at 3; Williams Affidavit, Doc. 17-3 at 3.) Bottley worked at GRACE for approximately two months from August 2009 through October 2009. (Bottley Affidavit, Doc. 17-2 at 3.) Plaintiff Justin Kla-Williams ("Kla-Williams") was employed by GRACE as an Executive Assistant for approximately five months from May 2009 through October 2009. (Camp Affidavit, Doc. 19-1 at 3; Kla-Williams Affidavit, Doc 17-4 at 3.)

Maxwell, Bottley, Williams, and Kla-Williams allege they routinely worked in excess of forty hours per week and that Defendants did not pay case managers and executive administrative assistants, including Plaintiffs herein, overtime wages as required by the FLSA. (Doc. 1 at 18–19.) Additionally, Plaintiffs allege Defendants required them to work "off the clock" without pay, and to work for one week without compensation as a condition of their employment, in violation of the minimum wage requirement of the FLSA. (Doc. 1 at 22.)

Plaintiffs filed the instant suit on December 15, 2009. (Doc. 1.) On March 16, 2011, the Court granted Plaintiffs' motion for conditional class certification. (Doc. 27.) Defendants now move for summary judgment. (Doc. 19.)

II. Standard of Review

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls

on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998), overruled on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414 (2006).

Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). The nonmoving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). There is a "genuine" issue of material fact if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

III.  Discussion

The FLSA's minimum wage and overtime requirements apply to any "employee engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. §§ 206(a), 207(a).  The FLSA defines commerce as "trade, commerce, transportation, transmission, or communication among the several states or between any state and any place outside thereof."  29 U.S.C. § 203(b).  These provisions apply to individual employees even if they are not employed by an enterprise.  *Jacobs v. The New York Foundling Hospital*, 483 F. Supp. 2d 251, 257 (E.D.N.Y. 2007), *aff'd* 577 F.3d 93 (2d Cir. 2009). For coverage to attach, "an employee could be engaged in commerce by regularly using the mail or the telephone between states."   29 C.F.R. § 776.9. "One practical question to be asked is whether, without the particular service, interstate or foreign commerce would be impeded, impaired, or abated; others are whether the service contributes materially to the consummation of transactions in interstate or foreign commerce or makes it possible for existing instrumentalities of commerce to accomplish the movement of such commerce effectively and to free it from burdens or obstructions."  *Id.* (internal citations omitted).

Defendants argue that the FLSA does not apply to any of GRACE's employees because GRACE is not an enterprise engaged in interstate commerce, does not produce goods for commerce, and its employees are not engaged in interstate commerce. (Doc. 19 at 4.)  However, there is some evidence in the record to support Plaintiffs' contentions that GRACE was engaged in interstate commerce and thus was subject to the FLSA's provisions regarding minimum wage and overtime wages.

Defendant Ruama Camp, GRACE's Executive Director, concedes that GRACE operated

a second office in Louisiana until June 4, 2009.  (Camp Affidavit, Doc. 19-1 at 8.)  Use of the telephone or the Internet between states can be sufficient to constitute commerce.  29 C.F.R § 776.9.  Regular communication between the Texas and Louisiana offices could be sufficient to infer that, at least until June 2009, GRACE was engaged in interstate commerce and therefore subject to the rules and regulations of the FLSA.

Even economic activities that are purely intrastate in nature can be subject to federal regulation because their cumulative effects have a substantial effect on interstate commerce.  *Gonzales v. Raich*, 545 U.S. 1 (2005).  "The Court need not determine whether respondent's activities, taken in the aggregate, substantially affect interstate commerce in fact, but only whether a 'rational basis' exists for so concluding."  *Id*. at 2, quoting *United States v. Lopez,* 514 U.S. 549, 557 (1995).  GRACE helps hurricane victims along the Gulf Coast by assessing their post-disaster situations, determining their needs, and by locating and securing essential resources to help those who "are in the process of rebuilding their lives."  (Doc. 19 at 2; Doc. 17-5.)  Additionally, GRACE operates a "disaster kit" store on its website selling items such as generators, radios, first-aid kits, tents, and coolers.  (Doc. 17-5.)  Even if these services and products are provided only in the state of Texas, as Defendants argue, it is nevertheless likely that these actions substantially affect interstate commerce.  By helping disaster victims locate resources to get back on their feet, Defendants are undoubtedly helping people return to work, restore their businesses, and even to resume interstate travel.  As disaster victims re-enter the commercial marketplace as a result of the resources provided by GRACE, the cumulative effect of these activities will likely have a substantial affect on interstate commerce.  There therefore exists a genuine issue of material fact whether Defendants engaged in interstate commerce and thus are not exempt from the FLSA.

## IV. Conclusion

Accordingly, the Court hereby **ORDERS** that Defendants G.R.A.C.E. Community Services, Inc. and Ruama Camp's Motion for Summary Judgment (Doc. 19) is **DENIED**.

SIGNED at Houston, Texas, this 28th day of June, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE